

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLVER DARYANE GOMEZ MEJIA,<br><br>         Petitioner,<br><br>v.<br><br>DIRECTOR, Otay Mesa Detention Center, et. al.,<br><br>         Respondents. | Case No.:  26-cv-2285-BJC-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 9, 2026, Petitioner Yolver Daryane Gomez Mejia, a citizen of Venezuela, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a supplement to his petition on April 26, 2026.  ECF Nos. 1, 8.  He asserts he arrived in the United States on June 16, 2023 to seek asylum through the CBP One App.  ECF No. 8 at 3.  He further asserts, while headed to work on March 16, 2026, he was arrested by Immigration and Customs Enforcement without explanation.  *Id*.  He remains detained at the Otay Mesa Detention Center.  *Id*.   He contends Immigration and Customs Enforcement failed to comply with its own regulations and the Administrative Procedures Act when they revoked his parole, and the Due Process Clause required notice and a chance to be heard before parole was revoked.  *Id*. 4-10.

Respondents filed a return on May 4, 2026, in which they argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, but they "acknowledge this Court's prior decisions will control the result here if the Court adheres to its prior decisions." ECF No. 10 at 2-3. Respondent does "not oppose the petition and defers to the Court on the appropriate relief." *Id*. at 3. Petitioner filed a traverse on May 4, 2026. ECF No. 11. He contends the proper relief is immediate release. *Id*. at 2.

Under applicable regulations, parole[1] is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. The government shall immediately release Petitioner under the previously determined conditions. The government is enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: May 22, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[1] Generally, "release on recognizance" during immigration proceedings is "conditional parole." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007); *J.S.H.M v. Wofford*, No. 25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025).

26-cv-2285-BJC-SBC